Meyer, J.
(concurring in Matter of Wilson and dissenting in Matter of Johnson). I would affirm in both cases. Although the Constitution does not proscribe private bias, it does proscribe affirmative State action in furtherance of bias.
In Matter of Wilson the trust is private and the only involvement of a public official (the superintendent of schools) is his certification of a student’s class standing, *481 information which is, in any event, available to any student applying to the trustee for a scholarship. There is, therefore, no State action.
In Matter of Johnson, however, the trustee is the board of education, a public body. The establishment of a public trust for a discriminatory purpose is constitutionally improper, as Presiding Justice Mollen has fully spelled out in his opinion. For the State to legitimize that impropriety by replacement of the trustee is unconstitutional State action. The only permissible corrective court action is, as the Appellate Division held, excision of the discriminatory limitation.
In Matter of Wilson:
Judges Jasen, Jones, Wachtler, Meyer and Simons concur with Chief Judge Cooke; Judge Meyer concurs in a memorandum.
Order affirmed, etc.
In Matter of Johnson:
Judges Jasen, Jones, Wachtler and Simons concur with Chief Judge Cooke; Judge Meyer dissents and votes to affirm in a memorandum.
Order reversed, etc.